**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**November 30, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

ROBERT V. WONSCH,

    Petitioner - Appellant,

v.

SCOTT CROW,

    Respondent - Appellee.

No. 22-6040
(D.C. No. 5:21-CV-00826-PRW)
(W.D. Okla.)

_____

**ORDER**
_____

Before **TYMKOVICH**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Robert V. Wonsch, an Oklahoma prisoner proceeding pro se, has moved for a certificate of appealability (COA) so he may appeal the district court's denial of his 28 U.S.C. § 2254 petition. We previously denied this motion by order dated November 3, 2022. In an order filed earlier today, however, we granted respondent Scott Crow's motion for panel rehearing, and we vacated that November 3 order. For the reasons set forth below, we now grant a COA, vacate the underlying district court order, and remand to the district court for further proceedings.

**I.      BACKGROUND & PROCEDURAL HISTORY**

In December 2018, Wonsch received a sentence totaling seventy years for eleven offenses of which he had been convicted after a jury trial in Oklahoma state court. He appealed to the Oklahoma Court of Criminal Appeals (OCCA), which

affirmed on April 23, 2020.  Over the next year or so, Wonsch continued to seek relief from that conviction through various motions filed in the Oklahoma courts, and he believed he had exhausted his state-court remedies as of July 21, 2021 (the date on which the state trial court entered an order denying one of those motions).

Wonsch filed a 28 U.S.C. § 2254 petition in Oklahoma federal court on August 20, 2021.  In response, Crow filed two pre-answer motions to dismiss.  (Crow is only the nominal respondent, so from this point forward we will refer to the party opposing Wonsch's petition as "the State.")  The State's first motion asserted that Wonsch had failed to file within the statute of limitations for § 2254 petitions.  The second motion argued that Wonsch had failed to exhaust his state-court remedies.

The district court only reached the merits of the first motion.  The court held that § 2254's one-year filing window began to run on July 23, 2020, and so expired on July 23, 2021, about a month before Wonsch filed his petition.  The court made that calculation by taking the date of the OCCA's direct-appeal decision (April 23, 2020), and adding ninety days (the time allotted by U.S. Supreme Court Rule 13.1 for filing a certiorari petition).  *See* 28 U.S.C. § 2244(d)(1)(A) (providing that a § 2254 petitioner must file that petition within one year from the date the conviction becomes "final," meaning, in this instance, the "conclusion of direct review or the expiration of the time for seeking such review"); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that if a petitioner does not seek certiorari, the conviction becomes final when the time for pursuing that relief expires).  That comes out to July 22, 2020.  The district court then held that the one-year filing window began the

2

following day, July 23. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (calculating the first day of the § 2254 filing window as the day after the conviction becomes final). Thus, Wonsch needed to file his § 2254 petition on or before July 23, 2021, and he did not.

The district court examined various potential grounds for excusing Wonsch's untimeliness and found that none of them applied. Thus, it granted the State's motion to dismiss the § 2254 petition as untimely, and it denied the State's other motion (regarding exhaustion) as moot.

Wonsch then moved for a COA from this court. Wonsch's motion focused on reasons to excuse his untimeliness. He did not argue that the district court erred when it calculated the various relevant dates. We found that Wonsch had not raised a debatable argument that his untimeliness should be excused, and so we denied a COA.

The State now tells us that it believes it misled the district court about the proper date calculation. Counsel for the State says he recently became aware of a March 19, 2020, miscellaneous order from the United States Supreme Court prompted by the onset of the COVID-19 pandemic. This order lengthened the deadline to file a certiorari petition for an additional sixty days (*i.e.*, for a total of 150 days). *See* Order at 1, 589 U.S. ___ (U.S. Mar. 19, 2020). That order remained in effect until July 19, 2021. *See* Order at 1, 594 U.S. ___ (U.S. July 19, 2021).

## II.    ANALYSIS

We commend the State for bringing this matter to our attention.  The extra sixty days potentially has an important effect here.  Again, the OCCA issued its direct-appeal decision on April 23, 2020, when the Supreme Court's extension was in effect.  Applying that extension, Wonsch's certiorari deadline was September 21, 2020, meaning his § 2254 filing window opened on September 22, 2020, and closed one year later.  Wonsch filed his § 2254 petition on August 20, 2021, before that window closed.

In this light, we believe "jurists of reason would find it debatable whether the district court was correct in its [timeliness] ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  A COA is therefore appropriate.  But we need not go on to rule that the State's new calculation is correct.  The State never brought the Supreme Court's extension order to the district court's attention, and we believe the district court should receive the first opportunity to decide if and how it applies.

## III.    CONCLUSION

We grant a COA.  Further, we vacate the district court's February 17, 2022, order, and we remand this matter to the district court for further proceedings consistent with this order.  Given this disposition, Wonsch's petition for rehearing is denied as moot.  The mandate shall issue forthwith.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

4